UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ALVIN MAURICE LIPSEY, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:15-CV-321 RM |
| | ) | (Arising out of 3:12-CR-114 RM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

OPINION and ORDER

On December 6, 2012, Alvin Lipsey entered a guilty plea to one count of armed bank robbery (Count 1) and one count of carrying or using a firearm during a crime of violence (Count 2); he was sentenced on August 6, 2014 to consecutive terms of 230 months on Count 1 and 60 months on Count 2, with no supervised release to follow. Mr. Lipsey was ordered to pay restitution in the amount of $4,261.00 and special assessments of $200.00. A second armed bank robbery charge (Count 3) was dismissed, and judgment was entered that same day. No appeal was filed. Mr. Lipsey is now before the court having filed a timely petition asking that his sentence be vacated or set aside pursuant to 28 U.S.C. § 2255.

A person convicted of a federal crime can attack his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, the court had no jurisdiction to impose such sentence, the sentence exceeded the maximum authorized by law, or the sentence is otherwise subject to

collateral attack. 28 U.S.C. § 2255(a). While a claim of ineffective assistance of counsel not raised on direct appeal can still be raised in a § 2255 petition, Massaro v. United States, 538 U.S. 500, 504 (2003), Mr. Lipsey's plea agreement reveals that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding on any ground, including ineffective assistance of counsel. His plea agreement, signed by Mr. Lipsey, his attorney Robert Truitt, and Assistant United States Attorney Frank Schaffer, contains the following language in paragraph 7(h):

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742, or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Petn. To Enter A Guilty Plea, at 5.

Mr. Lipsey hasn't challenged any of the terms of his plea agreement or any actions of counsel in negotiating the agreement or the waiver cited above; instead, Mr. Lipsey says his conviction should be vacated and set aside based on his claim of ineffective assistance of counsel, specifically complaining that counsel didn't alert him to the possibility of his being a career offender; counsel permitted him

2

to enter into "an unintelligent plea;" and counsel had a medical condition that kept counsel from providing representation to the best of counsel's ability. Mr. Lipsey also says he "would like to present a theory" showing that he's not a career offender.[1]

28 U.S.C. § 2255 provides that an evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." After reviewing Mr. Lipsey's petition and the record of this case, the court concludes that the factual and legal issues raised by Mr. Lipsey can be resolved on the record, so no hearing on his § 2255 petition is necessary. *See* Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000) (hearing not required where record conclusively demonstrates that petitioner is entitled to no relief on § 2255 motion).

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as

---

[1] Mr. Lipsey claims he has only one prior offense of violence, and that offense was improperly double-counted, so he isn't a career offender. According to Mr. Lipsey, "if a person had no intervening arrest and the cases were under the same written instrument or he was sentenced on all counts at the same time they are to be counted as one offense." Mot., at 1. The case law upon which Mr. Lipsey relies, as well as the applicable guideline section, provides no support for his argument. The record shows that Mr. Lipsey was arrested on January 5, 2000 for the armed robbery of Joe's Liquor and the armed robbery of Last Stop Liquor; Mr. Lipsey was arrested again on March 3, 2000 for the armed robbery of I&U Deli. While Mr. Lipsey was sentenced on June 29, 2000 for those three offenses, the sentences for his January 5 arrests are counted separately from his sentence on the intervening March 3 arrest pursuant to U.S.S.G. § 4A1.2(a)(2) ("Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)."). The record shows, too, that Mr. Lipsey's counsel unsuccessfully raised this same argument at the sentencing hearing.

mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000), or when the sentence exceeds the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

Mr. Lipsey said at his change of plea hearing that he told his attorney everything counsel needed to know to represent him in this case, that his plea was knowing and voluntary, that no one had used any force or made any threats to get him to plead guilty, that he had read and discussed the plea agreement with his attorney before the plea hearing, that he and his attorney had reviewed the sentencing guidelines before the plea hearing, that he was guilty of the charges contained in the indictment, and that he was satisfied with the representation his attorney had provided. Mr. Lipsey also admitted to the court that if he proceeded to trial, the government would be able to prove its case against him.

Mr. Lipsey hasn't challenged the plea agreement's waiver provision nor has he claimed that his counsel was ineffective in negotiating the waiver. Mr. Lipsey's statements at his change of plea hearing — statements made under oath — are presumed to be truthful when determining whether his plea was knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The plea agreement clearly and unambiguously sets forth the waiver of his right to appeal and file a § 2255 petition, the court explained the waiver to Mr. Lipsey

during the plea colloquy, and Mr. Lipsey acknowledged that he understood. Nothing in the plea agreement or Mr. Lipsey's current motion suggests that his waiver of that right was unknowing or involuntary. The record supports a finding that Mr. Lipsey's guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). Because Mr. Lipsey's plea was informed and voluntary, the waiver of his right to appeal or to file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

Notwithstanding his waiver, Mr. Lipsey is now before the court seeking to overcome the terms of the plea agreement and have his conviction and sentence vacated based on claims of ineffective assistance of counsel. Even if Mr. Lipsey hadn't waived his right to file a § 2255 petition, he couldn't prevail on his claims. To succeed, Mr. Lipsey "must allege that he entered the guilty plea based on advice of counsel that fell below constitutional standards. In other words, he must allege that the plea agreement was the product of ineffective assistance of counsel . . . or tainted by ineffective assistance of counsel." Hurlow v. United States, 726 F.3d 958, 966-967 (7th Cir. 2013). Mr. Lipsey hasn't alleged that his counsel was ineffective in negotiating the plea or the waiver of his right to challenge his sentence contained in his plea agreement, Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000), but, instead, claims his counsel was ineffective in the following particulars.

5

A.

Mr. Lipsey first claims that his counsel was ineffective because counsel didn't inform him that he might qualify as a career offender. Mr. Lipsey says that had he received "sound advice" about the possibility of his being a career offender, he would "never have signed the plea, which would possible lead to a different outcome." Mot., at 3. Mr. Lipsey also takes issue with counsel's advice that he should sign the plea agreement and not rely on the legal research he [Mr. Lipsey] was doing on his own; Mr. Lipsey claims that advice prejudiced him and left him unable to comprehend the proceedings. Mot., at 3. To establish his claim, Mr. Lipsey must demonstrate "through objective evidence a reasonable probability that, but for counsel's purportedly erroneous advice, he would not have entered the guilty plea and would have insisted on going to trial." Lee v. United States, No. 10-1060, 2010 WL 4569874, at *2 (C.D. Ill. Oct. 29, 2010). Mr. Lipsey hasn't done so.

Mr. Lipsey hasn't pointed to any evidence supporting his claim that had he known of his career offender status he wouldn't have signed the plea agreement but would have insisted on going to trial on the original charges: two armed robberies and a charge of using a firearm in furtherance of a crime of violence; he hasn't outlined any facts that could support the possibility of a different outcome in this case, which would be especially difficult in light of his admission that he robbed the Notre Dame Credit Union in July 2012 while carrying and brandishing a firearm; he hasn't indicated how knowledge of his possible career offender status

6

would have resulted in a different outcome; nor has suggested how the advice he received from counsel was misleading, prejudicial, or resulted in his being unable to understand the proceedings. *See* United States v. Martinez, 169 F.3d 1049, 1053 (7th Cir. 1999) ("In this circuit, an attorney's mere inaccurate prediction of a sentence does not demonstrate the deficiency component of an ineffective assistance of counsel claim."); Scott v. United States, No. 10 cv 1273, 2012 WL 5028965, at *2 (C.D. Ill. Oct. 17, 2012) ("Even if both parties had mistakenly believed that petitioner was eligible for a lower sentence, the plea agreement is not involuntary if the plea agreement made the potentially applicable mandatory minimum clear and the plea colloquy sufficiently covered the agreement's terms."). An ineffective assistance of counsel claim that is unsupported by "actual proof of [the movant's] allegations" cannot meet the threshold requirement for relief under § 2255. Fuller v. United States, 398 F.3d 644, 652 (7th Cir. 2005); Ferguson v. United States, Civil No. 07-847, 2008 WL 5381945, at *4 (S.D. Ill. Dec. 23, 2008) ("[S]elf-serving testimony is not sufficient to prove the prejudice component of the Strickland test for ineffective assistance of counsel."). Mr. Lipsey's unsupported statement that some unidentified "sound advice" from counsel would have resulted in a different outcome is insufficient to support his claim that his counsel provided ineffective assistance.

B.

Mr. Lipsey next claims that counsel was ineffective by permitting him to enter into "an unintelligent plea" that wasn't in his best interest and contrary to Rule 11. According to Mr. Lipsey, "[t]his prejudice my defense by allowing defendant to believe something that was not correct information. Also it prejudiced my defense by [counsel] not giving sound and reasonable advice. Because had I been given sound advice the out come of my situation would have been different." Mot., at 2. Mr. Lipsey, however, presents nothing more. He hasn't outlined the "sound advice" that would have changed the outcome of his case; he hasn't detailed how his plea was "unintelligent" or "contrary to Rule 11;" and he hasn't explained how pleading guilty to one charge of armed bank robbery, receiving a reduction in offense level for his acceptance of responsibility, and obtaining the government's cooperation in seeking a further reduction of his guideline range was somehow not in his best interest. Mr. Lipsey has pointed to nothing in the record that would support a finding that he didn't enter his plea knowingly and voluntarily or that he wasn't free to exercise his right to challenge the sufficiency of the government's evidence at trial. Mr. Lipsey's unsupported, non-specific claim that his plea was unintelligent doesn't support an ineffective assistance of counsel claim.

C.

Lastly, Mr. Lipsey claims Mr. Truitt had a medical condition that prevented counsel from fully participating in the handling of his case. According to Mr.

Lipsey, Mr. Truitt wasn't able to focus on the facts of his case or apply his knowledge of the law to the defense, and had Mr. Truit given him "sound advice the outcome of this matter would have been different." Mot., at 3. Mr. Lipsey contends further that Mr. Truitt was unable "to pursue sound strategy, nor achieve the best outcome for this defendant at the time." Mot., at 4. Mr. Lipsey, though, provides no support for his claim that a medical condition interfered with Mr. Truitt's ability to represent him in this case. Unsupported and conclusory allegations are insufficient to support a claim of ineffective assistance of counsel. *See* United States v. Woody, 55 F.3d 1257, 1272 (7th Cir. 1995) ("Without a detailed explanation of the instances of his attorney's errors, as well as their effect on the result, we cannot evaluate [defendant's] Sixth Amendment claim.").

The record shows that any concerns Mr. Lipsey might have had about Mr. Truitt's representation were addressed before sentencing. The record shows that Mr. Lipsey entered a guilty plea on December 6, 2012, and on February 28, 2013, he requested that new counsel be appointed to represent him and he be permitted to withdraw his guilty plea. The court held a hearing on his requests on March 7, and granted his request for substitute counsel; following the appearance of new counsel, Mr. Lipsey withdrew his request to withdraw his guilty plea. Mr. Lipsey's § 2255 petition contains no claims relating to his new counsel.

A sentence greater than the statutory maximum for a defendant's crime can be challenged even if the defendant executed a blanket waiver of his appeal rights, United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005), but Mr. Lipsey's 290-

9

month sentence (230 months on Count 1, plus a consecutive 60-month term on Count 2) is within the statutory maximum (300 months on Count 1, plus a consecutive sentence of at least 60 months up to life on Count 2).

Mr. Lipsey hasn't set forth any legal arguments his counsel could or should have raised nor has he outlined any facts that could establish that the proceedings were fundamentally unfair or the result unreliable, especially in light of his admission that he robbed the Notre Dame Credit Union in July 2012 while brandishing a firearm. Mr. Lipsey hasn't suggested "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006). More importantly, Mr. Lipsey hasn't demonstrated any prejudice. He must show through objective evidence "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694. While the court must construe Mr. Lipsey's motion liberally in light of his *pro se* status, Haines v. Kerner, 404 U.S. 519 (1972), the court won't invent arguments for him. *See* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."). Mr. Lipsey's unsupported statements are insufficient to establish that his counsel's representation was deficient and insufficient to show the prejudice component of the Strickland test, so he can't prevail on his claim of ineffective assistance of counsel.

Finally, the court concludes that letting Mr. Lipsey's conviction and sentence stand would not result in a fundamental miscarriage of justice. Murray v. Carrier, 477 U.S. 478, 495 (1986).

Conclusion

Based on the foregoing, the court DENIES Mr. Lipsey's petition filed pursuant to 28 U.S.C. § 2255 [docket # 74].

SO ORDERED.

ENTERED:  August 17, 2015

                         /s/ Robert L. Miller, Jr.
                         Judge, United States District Court

cc: A. Lipsey
     AUSA Schaffer